UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| LARRY F. LITTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-127 |
| | ) | Judge Phillips |
| STATE OF TENNESSEE | ) | |
| DEPARTMENT OF HUMAN | ) | |
| RESOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is again before the Court on a motion to dismiss [Doc. 35]. Plaintiff Larry F. Litton was granted leave to file a second amended complaint and he has named several additional agencies of the State of Tennessee and the State as defendants. Defendants argue that he cannot pursue his employment discrimination claims against these additional agencies and that he has failed to state a claim against the Tennessee Department of Human Resources ("DOHR"), the originally named defendant. Defendants have filed briefs in support of the motion [Docs. 36, 38] and plaintiff has responded in opposition [Doc. 37]. For the reasons set forth herein, the defendant's motion [Doc. 35] will be **GRANTED in part and DENIED in part**.

## I. Relevant Facts[1]

As previously noted, this case arises from plaintiff's attempts to obtain employment with several agencies of the State of Tennessee. Plaintiff submitted four job applications with DOHR for Eligibility Counselor positions in the Department of Human Services ("DHS"); a position as a Case Management Program Specialist in the Department of Intellectual and Developmental Disabilities ("DIDD"); and for a position as a Clinical App Coordinator with the Department of Health ("DOH") [Doc. 34 at ¶ 5]. Plaintiff says his initial contact for each of these applications was DOHR, that he turned in applications to DOHR, and that all communication regarding his applications, including his rejection for each position, came from DOHR [*Id.* at ¶ 6]. Plaintiff claims that DOHR is responsible for reviewing applications to verify that each applicant meets the minimum qualifications for the posted job [*Id.* at ¶ 7]. Each applicant who meets the minimum requirements for a particular classification receives a civil service score based on the applicable DOHR examination process [*Id.*]. A female applicant was selected for each of the above-referenced positions [*Id.* at ¶ 10]. Plaintiff claims that he was qualified for each of these positions, but he was not hired because of his sex in violation of Title VII of the Civil Rights Act of 1964 [*Id.* at ¶¶ 12—14].

Plaintiff filed a charge of discrimination against the "State of Tennessee Department of Human Resources" with the United States Equal Employment Opportunity Commission

---

[1] For the purposes of a motion to dismiss, the Court takes the factual allegations in the second amended complaint [Doc. 34] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

("EEOC") [*Id.* at ¶ 4][2] and received a notice of right to sue [*Id.*; Doc. 34-1]. It is worth noting that DOHR submitted a response to the EEOC charge, which is attached as an exhibit to the amended complaint [Doc. 34-4], and further that the right to sue letter is copied to DOHR [Doc. 34-1].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all

---

[2]The EEOC charge is attached as an exhibit to the memorandum in support of defendant's previous motion for summary judgment [Doc. 12-1]. Because the EEOC charge is central to plaintiff's claims and is referenced in the second amended complaint, the Court may consider it in reviewing a motion to dismiss without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

3

reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III.  Analysis**

  A.  <u>Failure to Exhaust Administrative Remedies</u>

The defendants first argue that plaintiff did not file a charge of discrimination against DOH, DHS, or DIDD and therefore he failed to exhaust his administrative remedies as to these agencies [Doc. 36 at pp. 4—7]. Plaintiff does not dispute that he did not include DOH, DHS, or DIDD in his charge of discrimination, but notes that he was proceeding pro se at the time [Doc. 37 at p. 3]. Further, plaintiff contends that there is a "clear identity of interest" between DOHR and the other State agencies such that he should be excused from naming them in an EEOC charge [*Id.* at pp. 6—7]. Defendants dispute that plaintiff can show sufficient identity of interest between DOHR and the other agencies such as to excuse the exhaustion of administrative remedies requirement [Doc. 38 at pp. 3—5].

It is well settled that "[f]iling an EEOC charge against a party is a necessary prerequisite to suit" under Title VII. *Jones v. Truck Drivers Local Union No. 299*, 748

F.2d 1083, 1086 (6th Cir. 1984); *Zeller v. Canadian Nat'l Ry. Co.*, 666 F. App'x 517, 524 (6th Cir. 2016) ("[e]xhaustion of administrative requirements is a precondition to filing a Title VII suit") (quoting *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)). A plaintiff may only sue an entity for violating Title VII if he named the same entity in a prior EEOC charge. *See Szoke v. United Parcel Serv. of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) (citing *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480—81 (6th Cir. 1990)). The named-party rule serves two goals. "First, the charge serves to notify the defendant of the discrimination claim alleged against him. …Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the Act." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987).

Plaintiff relies on the "limited exception" to the named-party rule if there is a "clear identity of interest" between the party named in the EEOC charge and the unnamed party. *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 546 (6th Cir. 2013). The Sixth Circuit has adopted two tests for determining whether the identity of interest exception applies. *Id.* at 547. The Court observes that plaintiff has not addressed either test, but asserts that all of the parties added in the second amended complaint "perform[] work and service to the citizens of the State of Tennessee. … all are employed by the same employer, the State of Tennessee, and all are represented by the same law office, that of the Attorney General" [Doc. 37 at p. 7].

Under the first "identity of interest" test, adopted from the Seventh Circuit, "an identity of interest exists when the unnamed party possesses sufficient notice of the claim

5

to participate in voluntary conciliation proceedings." *Lockhart*, 531 F. App'x at 547 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). As DOHR notes, the record contains no allegation or proof that DHS, DOH, or DIDD received notice of plaintiff's claims of sex discrimination prior to the filing of the second amended complaint [Doc. 36 at p. 6] and there is no evidence that these agencies could have participated in voluntary conciliation proceedings with the EEOC. Plaintiff's response asserts, without support, "[i]n all cases where an agency of the state has been sued, the state is notified" [Doc. 37 at p. 7]. Plaintiff further speculates, "it is inconceivable that the Attorney General's Office, in conducting its examination to prepare its responsive pleading, did not confer with DHS, DIDD and DOH, thus making them aware of the instant action" [*Id*.].

Plaintiff's speculation cannot carry the day on a motion to dismiss. As reflected in the record, the response to plaintiff's EEOC charge, attached to the second amended complaint, was submitted by DOHR [Doc. 34-4]; in contrast, defendants are represented by the Attorney General's Office in the instant case. The Attorney General's response to the instant complaint does not mean all of the State agencies received notice of the EEOC charge.

The second "identity of interest" test used by the Sixth Circuit, and adopted from the Third Circuit, considers four factors to determine the relationship between the named and unnamed parties:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

6

(2) Whether, under the circumstances, the interest of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) Whether its absence from the EEOC proceedings resulting in actual prejudice to the interests of the unnamed party; [and]

(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romain*, 836 F.2d at 246 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)). As for the first factor and as DOHR notes, there can be little doubt that plaintiff was aware of DHS, DIDD, and DOH inasmuch as he applied for specific positions with each of these agencies and identified them and the purported reasons for his non-selection in his complaint. This factor weighs against a finding of identity of interest.

As for the second factor, defendants concede that all agencies are "arms" of the State [Doc. 38 at p. 4], but there is no allegation or evidence in the second amended complaint that DHS, DIDD, and DOH are "so similar" to DOHR that it would be unnecessary to include them in the EEOC proceedings. Indeed, they are separate State agencies created by statute to serve different purposes. *See* Tenn. Code Ann. §§ 4-3-1201, -1801, and -2705. This factor also weighs against a finding of identity of interest.

Regarding the third factor, defendants DHS, DIDD, and DOH argue that they would suffer actual prejudice if they must defend hiring decisions from 2016 when they did not receive notice of these claims until 2018 [Doc. 38 at p. 5]. Defendants note that they have lost the opportunity to initiate litigation holds and preserve electronic or documentary evidence [*Id.*]. This factor weighs against a finding of identity of interest.

7

For the fourth factor, plaintiff alleges that DOHR was the initial contact and the conduit for all communication for all of the positions [Doc. 34 at ¶ 6]. Plaintiff alleges that every applicant receives a civil service score from DOHR and that DOHR provides a list of eligible applicants to other agencies based on their civil service score [*Id*.]. Thus, plaintiff claims that DOHR is the "hiring agency" for all State agencies [*Id*.]. Defendants agree that DOHR is the initial contact in the State's hiring process, but that plaintiff interacted directly with DHS in interviews and "understood" that DIDD and DOH made the ultimate decisions on hiring [Doc. 38 at p. 5]. The Court cannot infer what plaintiff "understood" beyond the allegations of the complaint, which must be accepted as true for purposes of the instant motion.

DOHR's response to the EEOC charge states that "decisions concerning the selection for a second-round interview and hiring determinations are made by the hiring agency and not the Department of Human Resources" [Doc. 34-4 at p. 4]. The fourth factor, as stated, is whether the unnamed party – here DHS, DIDD, and DOH – has represented to plaintiff that its relationship is to be through the named party, or DOHR. While DOHR has submitted some evidence, via its response to the EEOC charge, that no such representation has been made to plaintiff, the complaint alleges that "all communication … including notification as to his rejection for each position" was through DOHR [Doc. 34 at ¶ 6]. Because the Court must accept plaintiff's allegations as true for purposes of a motion to dismiss, the Court finds that this factor weighs in favor of an identity of interest.

8

On balance, three of the four factors weigh against a finding of identity of interest between DOHR, the party named in the EEOC charge, and DHS, DIDD, and DOH, the parties not named in the EEOC charge and added to this case via the second amended complaint. Thus, the totality of circumstances persuades the Court that there is not such an identity of interest between DOHR and the three unnamed agencies to excuse the plaintiff's failure to include them in his EEOC charge and to excuse the exhaustion of administrative remedies against them. Because plaintiff did not exhaust his administrative remedies against DHS, DIDD, and DOH, he cannot pursue his Title VII claims against them.[3] The defendant's motion will be granted as to DHS, DIDD, and DOH.

B. <u>Whether the Second Amended Complaint States a Claim Against DOHR</u>

Next, DOHR argues that the second amended complaint fails to state a claim because it contains no allegation of wrongdoing by DOHR [Doc. 36 at pp. 9—10]. Instead, DOHR notes that the second amended complaint describes its role in processing applications for preferred service positions and includes a DOHR organizational chart, but asserts no cognizable allegation against it [Doc. 34 at ¶¶ 7—8]. DOHR notes that plaintiff's EEOC charge alleges that DOHR policy was not followed when he did not receive an email notification for second-round interviews [Doc. 36 at p. 9, citing Doc. 12-1].

Plaintiff's response to this argument is a study in contrast between his brief and the allegations in the second amended complaint. In response, plaintiff claims "DOHR failed

---

[3]Defendants also argue that plaintiff did not timely file suit as to DOH, DHS, or DIDD and therefore the claims against them must be dismissed [Doc. 36 at pp. 7—8]. In light of the Court's conclusion regarding plaintiff's failure to exhaust his administrative remedies, the Court need not address this argument.

to score him accurately" and "grossly misstated" his qualifications [Doc. 37 at p. 5]. As DOHR notes, there is no allegation in the second amended complaint regarding improper scoring [Doc. 38 at p. 2, n.1]. Plaintiff claims in his response that DOHR "was essentially a hiring agency" and "controlled who … received an interview by an agency … through its very biased review" [Doc. 37 at p. 5]. The second amended complaint alleges that DOHR is the "hiring agency" for State agencies [Doc. 34 at ¶ 7], but there is no allegation regarding selection for interviews or that DOHR's evaluation of applications was biased. The second amended complaint claims, "each and every defendant alleged plaintiff was unqualified" [*Id*. at ¶ 11]. Finally, plaintiff claims in response that "DOHR is the agency responsible for ensuring compliance with federal EEOC law for all applicants for state employment" and that DOHR "clearly" did not review the selections by other departments to ensure legal compliance [Doc. 37 at p. 6]. The second amended complaint alleges that a section of DOHR, shown by its organizational chart, "is the section responsible for ensuring compliance with federal EEOC laws for all applicants for state positions" [Doc. 34 at ¶ 8]. However, the second amended complaint contains no allegation regarding DOHR's review of employment selections by other agencies.

In reply, DOHR argues that the second amended complaint "confirms that DOHR performed its review of applications for minimum qualifications and score assignments appropriately" because plaintiff was included on the list of eligible applicants for each of the positions over which he has sued [Doc. 38 at p. 2].

In order to show a prima facie case of discrimination in the failure-to-hire context, plaintiff must show: (1) he is a member of a protected class; (2) he applied for and was not

hired for a job; (3) he was qualified for the job; and (4) a similarly-situated person who was not in plaintiff's protected class was hired for the job. *Perkins v. Harvey*, 368 F. App'x 640, 644 (6th Cir. 2010) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003)). The second amended complaint alleges that plaintiff is male, he applied for several jobs with State agencies through DOHR, he was qualified for each of these positions, and that a female applicant was selected for each position [Doc. 34 at ¶¶ 3, 5—7, 10—12]. Thus, plaintiff has alleged the elements of a prima facie case. Specifically as to DOHR, plaintiff alleges all communication for these applications was through DOHR, DOHR gave each applicant a civil service score, and acted as the "hiring agency" for all State agencies [*Id.* at ¶¶ 6—7]. Plaintiff claims "each and every defendant alleged plaintiff was unqualified" and that the purported basis for his lack of qualification(s) was a pretext for sex discrimination [*Id.* at ¶¶ 11—13]. This purported wrong by DOHR – describing plaintiff as unqualified for a pretextual reason, without more – is a very thin reed on which to base a claim of employment discrimination. However, the Court must accept the allegations of the second amended complaint as true for purposes of the instant motion. Accordingly, the Court cannot conclude that plaintiff has failed to state a plausible claim for relief against DOHR and the defendants' motion will be denied as to DOHR.

Finally, the Court observes that the State of Tennessee was added as a defendant via the second amended complaint and that the State nominally asks for dismissal in the pending motion [Doc. 35]. However, the defendants' briefs contain no developed argument regarding the claims against the State as a defendant apart from the State agency defendants. Issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the Court to put "flesh on its bones." *Citizens Awareness Network, Inc. v. United States Nuclear Reg. Comm'n*, 59 F.3d 284, 293—94 (1st Cir. 1995). Accordingly, the Court expresses no opinion as to the claims against the State at this time.

**IV.     Conclusion**

For the reasons set forth above, the defendant's motion to dismiss [Doc. 35] is **GRANTED in part and DENIED in part**. An appropriate order will be entered.

IT IS SO ORDERED.

                                             s/ Thomas W. Phillips
                                           SENIOR UNITED STATES DISTRICT JUDGE